NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIM M. MARRAZZO, | |
| Plaintiff, | Civil Action No. 18-2725 (SRC) |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Kim M. Marrazzo ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning September 1, 2012. A hearing was held before ALJ Leonard F. Costa (the "ALJ") on February 16, 2017, and the ALJ issued an unfavorable decision on May 16, 2017, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of May 16, 2017, the ALJ found that, at step three, Plaintiff did not meet

or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that Plaintiff retained the residual functional capacity to perform her past relevant work as a school secretary. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on the ground that, at step four, the ALJ improperly disregarded the treating physician evidence. This Court agrees.

At step four, in making the residual functional capacity assessment, the ALJ stated that "the claimant has a complicated past medical history of chronic neck and lower back pain." (Tr. 74.) He reviewed the significant medical evidence, and then turned to the medical opinions about functional capacity. First, he examined the assessment of state agency reviewer Dr. Simpkins, dated February 12, 2015, whose assessment was reviewed and affirmed by state agency reviewer Dr. Feman. The ALJ stated that Dr. Simpkins opined that Plaintiff "is able to perform light work activity." (Tr. 76.) The ALJ stated that he gave the opinions of the state agency reviewers "partial weight." (Tr. 76.) The ALJ explained that they were not treating providers and had not reviewed all of the medical evidence. (Tr. 76-77.) The ALJ then stated:

> However, their opinion is partially consistent with the medical evidence of record. The claimant retains the ability to occasionally perform most postural work activity. However, the claimant is not able to perform work activity at the light exertional level, as she is only able to lift up to five pounds. Thus, the medical opinion of Dr. Simpkins and subsequent affirmation by Dr. Feman warrant partial weight, as these opinions are partially supported relative to her non-exertional limitations.

(Tr. 77.) Note that the ALJ accepted only the state agency physicians' opinions as to

non-exertional limitations.

The ALJ then reviewed the opinions of treating physician Dr. Florczyk, who opined in 2012 that Plaintiff is permanently disabled and unable to perform any work, but stated in 2015 that she was unable to provide an opinion on Plaintiff's ability to work. The ALJ observed that, in January of 2016, Dr. Florczyk provided a full functional assessment, which, in short, found major limitations to her ability to work. The ALJ concluded that he gave the opinions of Dr. Florczyk little weight because her opinions were inconsistent and unsupported. (Tr. 77.)

The ALJ next discussed the opinions of treating physician Dr. Jutkowski, a neurologist. The ALJ stated that Dr. Jutkowski had opined in November of 2012 that Plaintiff was totally and permanently disabled, which he supported with MRI and other testing results. (Tr. 78.) The ALJ stated that Dr. Jutkowski had also provided a report dated January 2, 2015, in which he again opined that Plaintiff is disabled; the record shows that, in this report, Dr. Jutkowski included a detailed description of the MRI results supporting his opinion. (Tr. 78, 439.) The ALJ concluded that he gave Dr. Jutkowski's opinions little weight, as they were inconsistent with the evidence and unsupported by his treatment notes. (Tr. 78.)

The ALJ next reviewed the opinion of Dr. Han, an "acupuncturist," dated February of 2016. (Tr. 78.) The ALJ stated that Dr. Han opined that Plaintiff was unable to engage in even sedentary work. (Tr. 78.) The ALJ stated that he gave Dr. Han's opinion little weight, as it was internally inconsistent, inconsistent with the medical evidence, and unsupported. (Tr. 78.)

This covers the ALJ's review of the medical opinions as to functional capacity. The ALJ also reviewed other medical evaluation, testing, and treatment records.

Plaintiff, on appeal, argues that the ALJ erred by rejecting the opinions of treating

3

physicians, which was contrary to Third Circuit law. This is correct. The Third Circuit has held:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted). The ALJ's decision fails to follow Morales. The ALJ rejected the assessment of exertional functional capacity of every medical source he reviewed. Although the ALJ stated that he gave the opinions of the state agency reviewers "partial weight," as to the opinions about exertional functional capacity, the ALJ determined that Drs. Simpkins and Feman were incorrect in finding a capacity to perform light work, as that was premised on what he believed was an incorrect assessment of Plaintiff's capacity for lifting. (Tr. 76-77.) Thus, while the ALJ may have given these physicians' opinions about non-exertional limitations some weight, he rejected entirely their opinions about exertional limitations. This is not an inference; this is what the ALJ wrote in the decision.

Because, as to exertional limitations, the ALJ rejected the functional assessment of every medical expert whose opinion he reviewed, this Court inquires: on what medical evidence is the ALJ's residual functional capacity determination based? The only possible answer is that he made speculative inferences from medical reports and arrived at his own lay opinion about what

4

the medical evidence demonstrated. Thus, the ALJ impermissibly rejected the opinions of the treating physicians without contrary medical evidence – since, to the extent that the state agency consultants could be considered to have offered contrary opinions about exertional limitations, he rejected them. Instead, the ALJ appears to have relied on his own lay opinion of the medical evidence. This is clear in his repeated rejection of the treating physicians' assessments as inconsistent with the medical evidence. The Commissioner has pointed to no medical expert who stated that opinion. The ALJ came to those conclusions without supporting medical evidence – except to the extent that he made a lay assessment of the medical records.

Plaintiff is thus entirely correct that the residual functional capacity determination is not supported by substantial evidence. It is supported only by the ALJ's lay opinion, which is neither medical evidence nor substantial evidence. For this reason, this Court finds that the Commissioner's decision is not supported by substantial evidence, and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

       s/ Stanley R. Chesler
       STANLEY R. CHESLER, U.S.D.J.

Dated: April 23, 2019