UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KIM MARRAZZO, | : : : | Civil Action No. 18-2725 (SRC) |
| Plaintiff, | : : |  |
| v. | : : | **OPINION & ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : : : : |  |
| Defendant. | : : |  |

**CHESLER**, District Judge

This matter comes before the Court on the motion for attorney's fees, pursuant to 42 U.S.C. § 406(b), by counsel to Plaintiff Kim Marrazzo. Although the Commissioner responded to the motion, it appears to be only clarifying, not opposing. For the reasons stated below, the motion will be granted.

In 2018, Plaintiff and Counsel entered into an agreement for Counsel to represent Plaintiff in the federal Social Security appeal process. The agreement provided for a contingent fee arrangement, with Plaintiff agreeing that Counsel was entitled to 25% of retroactive benefits awarded. Counsel represented Plaintiff through the appeal process. Plaintiff ultimately prevailed and, on Febuary 18, 2020, the Social Security Administration issued an Award Notice stating the amount of past due benefits due to the Plaintiff, $112,248. Twenty-five percent of the past due benefits amounts to $28,062 ($112,248 x 25%=$28,062). Counsel acknowledges that he failed to submit a timely request for payment of EAJA fees for the federal appeal portion of the case and asks this Court to deduct the EAJA payment his client would likely have obtained:

1

> We seek approval of a fee of $28,061.90 for 32.1 hours of attorney time. Ms. Marrazzo should be credited with the $6,460.92 in EAJA fees that could have been secured but which were not pursued, resulting in a net contingent fee of $21,600.98.

(Pl.'s Br. 6.) This ensures that Counsel is awarded only the fees he is entitled to and that Plaintiff is not penalized for Counsel's error. Counsel now asks this Court to authorize payment of that amount of fees. Counsel contends that the requested fee is fair and reasonable given that Plaintiff recouped six years in wrongfully denied past-due benefits thus far, and the number of hours spent pursuing Plaintiff's federal court case and on the administrative portion of this case (approximately 32 hours in total).

The statute, 42 U.S.C. § 406(b)(1)(A), states:

> Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

The statute requires that the fee must be reasonable. Plaintiff and his counsel entered into a contingent fee agreement, under which counsel is entitled to a fee of 25 percent of the past due benefits awarded to Plaintiff. Because this is within the statutory maximum allowed by § 406(b), and taking into account the highly successful result obtained for Plaintiff, the amount of time spent on the case, counsel's experience and normal hourly rate, and the risk inherent in taking cases on contingency, the Court concludes that the requested fee is reasonable. The deduction for the Equal Access to Justice Act ("EAJA") fees that Plaintiff should have received, but did not because of Counsel's error, ensures that Plaintiff is not penalized for Counsel's error.

For these reasons,

**IT IS ON THIS** 19th DAY OF May, 2020

**ORDERED** that Plaintiff's motion for attorney's fees (Docket Entry No. 22) is **GRANTED**; and it is further

**ORDERED** that the Court authorizes a payment to Glenn B. Carey, Esquire, in the amount of $21,600.98 in attorney's fees which have been withheld from Plaintiff's past-due benefits for court-related services.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER, U.S.D.J.